9/6/2016 9:38:23 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-004260
Ruben Tamez

CAUSE NO. D-1-GN-16-004260 _____

| | | |
|---|---|---|
| RAUL TORRES-ATLENZO, *Plaintiff,* | § § § | IN THE 53RD _____ DISTRICT COURT |
| v. | § § | IN AND FOR |
| STERICYCLE, INC., STERICYCLE COMMUNICATION SOLUTIONS, INC., STERICYCLE ENVIRONMENTAL SOLUTIONS, INC., STERICYCLE SPECIALTY WASTE SOLUTIONS, INC, AND KEISHA FOWLER *Defendants.* | § § § § § § § § § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

COMES NOW Plaintiff, Raul Torres-Atlenzo, and files this Original Petition complaining of Defendants Stericycle, Inc., Stericycle Communication Solutions, Inc., Stericycle Environmental Solutions, Inc., Stericycle Specialty Waste Solutions, Inc., and Keisha Fowler, and would respectfully show the Court as follows:

### I. DISCOVERY

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3 of the Texas Rules of Civil Procedure.

### II. PARTIES

1. Plaintiff is an individual and resident of Albuquerque, New Mexico.

2. Defendant Keisha Fowler is an individual residing in Round Rock, Williamson County, Texas. Defendant may be served with process at 512 Ft. Thomas Place, Round Rock, Texas 78664, or wherever she may be found.

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 11/3/2016
VELVA L. PRICE
DISTRICT CLERK
By Deputy:



3.  Defendant Stericycle, Inc. is a foreign for profit corporation. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201, or wherever it may be found.

4.  Defendant Stericycle Communication Solutions, Inc. is a foreign for profit corporation. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201, or wherever it may be found.

5.  Defendant Stericycle Environmental Solutions, Inc. is a foreign for profit corporation. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201, or wherever it may be found.

6.  Defendant Stericycle Specialty Waste Solutions, Inc. is a foreign for profit corporation. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201, or wherever it may be found.

### III. VENUE & JURISDICTION

1.  Plaintiff suffered damages in excess of the minimum jurisdictional limit of this Court.

2.  Venue is proper in Travis County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county where the incident made the basis of this lawsuit occurred.

3.  Plaintiff believes that the determination of damages in this case should rest squarely within the province of the jury; however, changes in the law now require Plaintiff to enumerate a range with his initial pleading. Such a range is provided without the benefit of any discovery in this case and without a full understanding of all the facts a jury will likely review when considering the ultimate resolution. As required by the law, Plaintiff would state that



pursuant to TEX. R. CIV. P. 47(c), Plaintiffs seek monetary relief over $100,000.00 but less than $200,000.00.

## IV. FACTS

1. On or about July 9, 2015, Defendant Fowler was operating a commercial vehicle owned by Stericycle Defendants. Defendant Fowler was traveling eastbound in the 19200 block of FM 812 in Travis County, Texas. Plaintiff was traveling on the same road, ahead of Defendant Fowler. Plaintiff was attempting to turn left into a mechanic shop when Defendant Fowler attempted to pass when unsafe and struck Plaintiff.

2. As a result of this collision, Plaintiff suffered personal injuries, expenses for medical treatment, and other damages.

## V. DISCOVERY REQUESTS

1. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2. Further, pursuant to Texas Rules of Civil Procedure 196, 197, and 198, Defendants are served, contemporaneously with the service of this Original Petition, requests for admission, interrogatories, and requests for production, to which answers and responses will similarly be due within fifty (50) days from the date of service.

## VI. CAUSES OF ACTION AGAINST DEFENDANT FOWLER

### Negligence

1. Defendant Fowler's negligence was the sole proximate cause and/or a proximate cause of the collision described above. Defendant owed a duty to exercise ordinary care and operate her vehicle in a reasonable and prudent manner. Defendant breached that duty and was negligent. Defendant's negligence includes but is not limited to the following:



a. In attempting to pass when unsafe;

b. In failing to maintain a proper lookout;

c. In failing to maintain her attention on the road while traveling; and

d. In operating a vehicle in a careless manner.

### Negligence per se

2.  Defendant Fowloer violated Texas Transportation Code Section 545.054 by attempting passing to the left when unsafe. In pertinent part, this statute reads as follows:

An operator may not drive on the left side of the center of the roadway in passing another vehicle unless the left side is clearly visible and free of approaching traffic for a distance sufficient to permit passing without interfering with the operation of the passed vehicle.

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995.

This section prohibits certain actions and/or creates a standard of conduct. Defendant's conduct represents an unexcused violation of these standards. Plaintiff belongs to the class of persons which these statutes were meant to protect and the harm or injury is generally of the type this statute seeks to prevent.

### Gross Negligence

3.  When viewed objectively from the standpoint of Defendant Fowler at the time of the occurrence, Defendant's conduct involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to Section 41.001(11) of the Texas Civil Practices and Remedies Code. Therefore, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.



4. The grossly negligent acts and/or omissions of Defendant were the sole proximate cause and/or a proximate cause of the occurrence in question and Plaintiff's resultant injuries and damages.

### VII. CAUSES OF ACTION AGAINST STERICYCLE DEFENDANTS

#### *Respondeat Superior*

1. Upon information and belief, all of the entities named as defendants are related entities and will hereafter be referred to as the "Stericycle Defendants." Stericycle Defendants are vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employee. At the time of the incident made the basis of this suit, an employee of Stericycle Defendants was acting within the course and scope of her employment with Stericycle Defendants and was negligent in proximately causing injuries/damages to the Plaintiff. Therefore, Stericycle Defendants are vicariously liable to Plaintiff for the negligent acts and/or omissions of its employee on the basis of *Respondeat Superior*.

#### Negligence of Stericycle Defendants

2. Stericycle Defendants' negligence was the sole proximate cause and/or a proximate cause of the incident made the basis of this suit. Stericycle Defendants owed a duty to exercise ordinary care and act as a reasonably prudent trucking company. Stericycle Defendants breached these duties and were negligent. Stericycle Defendants' negligence includes but is not limited to the following:

   a. In hiring Defendant Fowler to be a driver;

   b. In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Fowler;

   c. In retaining Defendant Fowler as a driver when it knew or reasonably should have



    known that she was incompetent and/or dangerous;

d.  In failing to adequately train and instruct Defendant Fowler as a driver of a commercial motor vehicle;

e.  In failing to adequately supervise Defendant Fowler in the discharge of her duties as an operator of a commercial motor vehicle, including but not limited to, failure to enforce disciplinary policies and procedures;

f.  In failing to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles;

g.  In negligently controlling Defendant Fowler's operation of the tractor;

h.  in failing to exercise control over Defendant Fowler as a reasonable and prudent employer and trucking company would have done under the same or similar circumstances;

Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**Negligent Entrustment**

3.  Stericycle Defendants are further liable to Plaintiff for entrusting a vehicle to Defendant Fowler for the purpose of operating it on the public streets and highways of Texas, and Defendant Fowler operated it with the knowledge, consent, and permission of Stericycle Defendants. At such time, Defendant Fowler was incompetent and unfit to safely operate a motor vehicle on the public streets and highways. Stericycle Defendants knew, or in the exercise of due care, should have known, that Defendant Fowler was a reckless, incompetent and unsafe driver and would create and unreasonable risk of danger to persons and property on the public streets and highways of Texas.

**Gross Negligence**

4.  When viewed objectively form the standpoint of the Stericycle Defendants at the time of the occurrence, Stericycle Defendants' conduct involved an extreme degree of risk,



considering the probability and magnitude of the potential harm to others. In addition, the Stericycle Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

5. Furthermore, Stericycle is liable for punitive damages because:

a) Defendant Stericycle authorized the doing and manner of a grossly negligent act,

b) Defendant Stericycle was reckless in employing unfit agents/employees,

c) An agent(s)/employee(s) of Stericycle Defendant was grossly negligent and was employed in a managerial capacity and was acting in the scope of their employment,

d) Stericycle Defendants or a manager of Stericycle Defendant ratified or approved a grossly negligent act.

6. Whenever it is alleged that the Stericycle Defendant acted or failed to act, it is alleged it did so by and through its officers, agents, employees, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

7. The grossly negligent acts and/or omissions of the Stericycle Defendants were a proximate and/or producing cause of the occurrence in question and Plaintiff's resultant injuries and damages.



## VIII. DAMAGES

1. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and is entitled by law to be compensated for such damages. These damages include, but are not limited to, the following:

   a. Physical pain, suffering and mental anguish sustained in the past;

   b. Physical pain, suffering and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   c. Loss of wages sustained in the past;

   d. Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e. Physical impairment sustained in the past;

   f. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

   g. Medical care in the past;

   h. Medical care that, in reasonable probability, Plaintiff will sustain in the future;

## IX. JURY DEMAND

1. Plaintiff hereby demands a trial by jury and herewith tenders payment of the jury fee.

## X. RULE 193.7 NOTICE

1. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at



the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

### XI. PRAYER

WHEREFORE, premises considered, Plaintiff respectfully requests that Defendants be cited to appear and answer and that upon final trial by jury, Plaintiff recovers against Defendants:

a) Compensatory and exemplary damages as set forth above;

b) Pre-judgment and post-judgment interest;

c) Costs of court;

d) Such other, further, and different relief to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.
406 N. Grant
Odessa, Texas 79761
Telephone: (432) 335-0399
Facsimile: (432) 335-0398

/s/ *Manuel H. Hernandez*
Manuel H. Hernandez
State Bar No. 24087712
mhernandez@fchclaw.com

*Attorneys for the Plaintiff*

